## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

VICTOR J. PAZOUREK                          *

Plaintiff                                   *

v                                           *          Civil Action No. JKB-15-3533

JOSEPH HODGE                                *

Defendant                                   *
                                          ***

### MEMORANDUM OPINION

The above-entitled civil rights complaint was filed on November 20, 2015, accompanied by a motion to proceed in forma pauperis which shall be granted. For the reasons below, the complaint must be dismissed without requiring a response from defendant.

Defendant Joseph Hodge[1] is, according to the allegation in the complaint, an employee of BARCS or Baltimore Animal Rescue & Care Shelter, Inc. BARCS is a non-profit organization that is funded through a grant from Baltimore City, public donations, and fees charged for adoption of animals. *See* http://baltimoreanimalshelter.org/about-us/faq. Its only relationship with Baltimore's Bureau of Animal Control is to provide housing and care for animals that Animal Control brings in and to provide that care pending any hearing or investigation regarding neglect, cruelty, or animal bite cases. *Id.*

The sole allegation raised in the self-represented complaint is that Joseph Hodge engaged in "a series of personal violations" and disregarded procedures at Animal Control. ECF 1 at p. 2. Although plaintiff references an attached complaint directed to the United States Attorney General, the attachment sheds no light on the factual basis for plaintiff's twenty-million dollar

---

[1] Plaintiff also states that two other employees are "named in this suit," both of whom are also BARCS employees. ECF 1 at p. 2. No allegations are made against those two additional parties, thus their inclusion in the case does not rectify the deficiencies in the complaint.

damages claim.  He simply states, "Cohersion (sic) to admit fraud Fourth Amendment violations

to gain dogs and cats to sell! Perpetrated by Joseph Hodge and performed by BARCS in not full

sanitary conditions! As of June 3 dogs not accepted all dogs quaranteened (sic)?"  ECF 1-1 at p.

2.

Although a complaint need not contain detailed allegations, the facts alleged must be

enough to raise a right to relief above the speculative level and require "more than labels and

conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual

allegation.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).

The complaint must contain "enough facts to state a claim to relief that is plausible on its face."

*Id*. at 1974.   Once a claim has been stated adequately, it may be supported by showing any set of

facts consistent with the allegations in the complaint.  *Id*. at 1969.

Further, under Federal Rule of Civil Procedure 8(a), a pleading that sets forth a claim for

relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain

(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless

the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support

it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and

(3) a demand for judgment for the relief the pleader seeks.  Moreover, each "averment of a

pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).  "[T]hreadbare recitals of

the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v.

Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).

The instant complaint is insufficient and does not comply with federal pleading

requirements.   First, the named defendant is not a state actor.  At its core, a civil rights action

under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014).  Defendant Joseph Hodge is an employee of a non-profit organization, not a state agency.  Secondly, to the extent Hodge's actions could possibly be construed as state action, the complaint contains no allegation of conduct attributable to him (or anyone else at BARCS) that would give rise to a claim for damages on plaintiff's behalf.  Even after a thorough examination of all the documents filed and affording the pleadings a liberal construction, there is nothing presented to indicate what Hodge or other BARCS employees did, when the conduct took place, and how it affected plaintiff's legal rights.  It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted).  The instant complaint fails to provide that notice and must be dismissed.

A separate order follows.

December 1, 2015           _____/s/_____
Date                                      James K. Bredar
                                          United States District Judge